# COMP

# EXHIBIT "A"

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Chantal Raynard, George Raynard</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>Wal-Mart Stores East, LP</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐  $8,000 or less
- ☐  $8,001 - $30,000
- ☐  $30,001- $50,000
- ☐  $50,001- $75,000
- ☐  $75,001 - $100,000
- ☒  over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 10/20/2025 10:04:21 AM.****

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT AN OFFICIAL COPY – CCIS – ATTORNEY OF RECORD

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**      **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**      **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   1

**VI.**      **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**      **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**      **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**      **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Robert B. Boyers</u>        Fla. Bar # <u>100978</u>
          Attorney or party                 (Bar # if attorney)

<u>Robert B. Boyers    </u>        <u>10/20/2025</u>
   (type or print name)            Date

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

CHANTAL RAYNARD
and GEORGE RAYNARD,                                  CIRCUIT CIVIL DIVISION

      Plaintiffs,                                           CASE NO:

vs.

WAL-MART STORES EAST, LP

      Defendant.

_____

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs CHANTAL RAYNARD and GEORGE RAYNARD sue Defendant WAL-MART STORES EAST, LP for damages and alleges as follows:

### GENERAL ALLEGATIONS

1.     This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00) exclusive of interest, costs and any attorneys' fees.

2.     This court has jurisdiction over the Defendant in this case pursuant to, *inter alia*, § 48.193(1)(a), (1)(b) Florida Statutes.

3.     Venue is proper in Broward County, Florida because all of the actions giving rise to this Complaint occurred in Broward County, Florida.

4.     At all material times, CHANTAL RAYNARD was and is a Florida domiciliary resident in Palm Beach County, Florida and is otherwise *sui juris*.

5.     At all material times, GEORGE RAYNARD was and is a Florida domiciliary resident in Palm Beach County, Florida and is otherwise *sui juris*.

6.     At all material times, CHANTAL RAYNARD and GEORGE RAYNARD are and were legally married.

7.      At all material times, Defendant WAL-MART STORES EAST, LP is and was a foreign limited partnership with its principal place of business and offices in Bentonville, Arkansas.  Defendant WAL-MART STORES EAST, LP operates, conducts, engages in and carries on its business in Broward County, Florida.

8.      At all material times, Defendant WAL-MART STORES EAST, LP owned and controlled the real property located at 5571 W Hillsboro Boulevard, Coconut Creek, Florida 33073 ("Subject Property").

9.      Plaintiffs have provided the necessary disclosure and complied with s. 768.0427, Florida Statutes.

10.      Plaintiffs have satisfied all conditions precedent to bringing this action.

## FACTUAL ALLEGATIONS

11.      On or about October 23, 2023, CHANTAL RAYNARD was lawfully present on the Subject Property.

12.      On or about October 23, 2023, CHANTAL RAYNARD was browsing merchandise in one of the store aisles when a metal rod fell from the product shelving and struck CHANTAL RAYNARD on her right arm.

13.      As a result of this dangerous condition, CHANTAL RAYNARD sustained severe and permanent physical injuries as well as other damages.

## COUNT I
## NEGLIGENCE AGAINST WAL-MART STORES EAST, LP

14.      Plaintiffs re-allege and reaffirm paragraphs 1 – 13 and further alleges as follows.

15.      At all material times, Defendant WAL-MART STORES EAST, LP owned the Subject Property.

16.      At all material times, Defendant WAL-MART STORES EAST, LP maintained,

operated, managed and controlled the Subject Property.

17.     At all material times, Defendant WAL-MART STORES EAST, LP, through its agents, employees, representatives or others over whom it exercised control, owed a non-delegable duty to eliminate hazardous conditions and maintain its premises in a reasonably safe condition for the benefit of patrons, invitees, guests and all those lawfully on the Subject Property, including CHANTAL RAYNARD.

18.     At all material times, Defendant WAL-MART STORES EAST, LP acting either directly or through its employees and/or agents, breached its duty of reasonable care by allowing a dangerous condition to exist on the Subject Property in a manner which caused CHANTAL RAYNARD to sustain serious and permanent injuries.

19.     At all material times, Defendant WAL-MART STORES EAST, LP possessed actual or constructive knowledge of the dangerous condition to which it subjected invitees and guests, including CHANTAL RAYNARD. Defendant WAL-MART STORES EAST, LP should have taken action to maintain the Subject Property in a reasonably safe condition, but it failed to do so.

20.     At all material times, Defendant WAL-MART STORES EAST, LP, by and through its agents, servants, employees or independent contractors, breached its non-delegable duty of care to provide its guests and invitees, including CHANTAL RAYNARD, with reasonably safe premises and acted in a careless and negligent manner through the following acts of omission or commission:

a.      Creating a dangerous condition on the Subject Property;

b.      Failing to ensure the premises were free of dangerous and hazardous conditions;

c.      Failing to properly secure the shelving, signage and its component parts on the Subject Property premises;

d.      Failing to timely identify or discover hazardous conditions on the Subject Property;;

e.      Failing to remedy a hazardous condition about which Defendant WAL-MART STORES EAST, LP had or should have had knowledge;

f.      Failing to properly and adequately warn CHANTAL RAYNARD of a dangerous and/or hazardous condition on the premises that Defendant WAL-MART STORES EAST, LP knew or should have known to exist;

g.      Failing to properly train and instruct employees on how to maintain the Subject Property in a reasonably safe condition;

h.      Failing to properly train and instruct employees on how to identify and remedy hazardous conditions on the Subject Property;

i.      Failing to comply with required and/or accepted industry practices, standards, and/or codes;

j.      Failing to identify and remedy dangerous conditions on the Subject Property so as to make them safe for use by invitees and/or guests; and

k.      Failing to remedy a dangerous condition on the Subject Property.

21.     As a direct and proximate result of the negligent acts or omissions of Defendant WAL-MART STORES EAST, LP, its employees, agents or independent contractors, CHANTAL RAYNARD sustained serious and permanent injuries.   Accordingly, Defendant WAL-MART STORES EAST, LP is directly and/or vicariously liable for her injuries.

22.     As a direct and proximate result of Defendant RSS's negligence and carelessness, CHANTAL RAYNARD suffered injuries about her head, body and extremities with resulting pain and suffering, disability, disfigurement, mental anguish, embarrassment, inconvenience, loss of capacity for the enjoyment of life, exacerbation of preexisting conditions, lost wages and earning capacity, the expense of medical care, physical therapy and treatment, as well as all damages allowable under Florida law. The losses are either permanent or continuing in nature

and CHANTAL RAYNARD will continue to suffer these losses in the future.

23.    As a further direct and proximate result of the above-described negligence, GEORGE RAYNARD has suffered the loss of his wife's, CHANTAL RAYNARD's, services, society, comfort, companionship and consortium

WHEREFORE, Plaintiffs demand judgment against Defendant WAL-MART STORES EAST, LP for damages in excess of $50,000.00, as well as pre-judgment and post-judgment interest plus costs, all to the extent permitted by law, and demand a trial by jury of all issues so triable.

DATED this 20th day of October, 2025

Respectfully submitted,

/s/ Robert B. Boyers                .
ROBERT B. BOYERS
Fla. Bar No. 100978
Email:  rob@boyerslaw.com
           info@boyerslaw.com
MATTHEW S. MAZZARELLA
Fla. Bar No. 52335
Email:  matt@boyerslaw.com
BOYERS LAW GROUP, P.A.
*Attorneys for Plaintiffs*
123 Almeria Avenue
Coral Gables, Florida 33134
Telephone:     (305) 512-7600
Facsimile:     (786) 509-8021

### Designation of E-mail Addresses

For the purposes of future service of papers and pleadings upon the foregoing attorneys pursuant to Rule 2.516 of the Florida Rules of Judicial Administration, you are hereby directed to use the following e-mail addresses:

rob@boyerslaw.com
matt@boyerslaw.com
info@boyerslaw.com

### IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,
### IN AND FOR BROWARD COUNTY, FLORIDA

CHANTAL RAYNARD
and GEORGE RAYNARD,

      CIRCUIT CIVIL DIVISION

    Plaintiffs,

      CASE NO:

vs.

WAL-MART STORES EAST LP

    Defendant.

_____

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiffs CHANTAL RAYNARD and GEORGE RAYNARD, by and through undersigned counsel and pursuant to Florida Rules of Civil Procedure 1.280 and 1.350, requests that Defendant WAL-MART STORES EAST LP produce within forty-five (45) days after service of this request:

*Note: If you object to production based on a claimed privilege as to any request, please provide a detailed privilege log with respect to same. Also, if you only object in part, indicate and produce all responsive documents not covered by your claimed privilege or objection.*

1. The shelving, signage, and any of their component parts that fell onto Plaintiff on the date of the incident. **Kindly continue to preserve this critical evidence intact and without alteration until Plaintiffs' representatives have had an opportunity to inspect them.**

2. Any and all videotapes and/or photographs in your possession, custody or control in which either Plaintiff appears. If same has been disposed of, damages or destroyed, please so indicate and describe said circumstances.

3. Any and all videotapes and/or photographs of the scene taken on the date of incident. If same has been disposed of, damaged or destroyed, please so indicate and describe said circumstances.

4.      Any and all videotapes and/or photographs in your possession, custody or control depicting the area where the incident occurred, including the pet department of the Wal-Mart Supercenter on the Subject Property, as it existed on the date of incident. If same has been disposed of, damaged or destroyed, please so indicate and describe said circumstances.

5.      Any and all videotapes and/or photographs in your possession, custody or control depicting the shelving, signage and its component parts as they existed in the pet department on the Subject Property on the date of incident. If same has been disposed of, damaged or destroyed, please so indicate and describe said circumstances.

6.      Any and all videotapes and/or photographs in your possession, custody or control depicting the shelving, signage or its component parts that fell on the Plaintiff on the date of incident. If same has been disposed of, damaged or destroyed, please so indicate and describe said circumstances.

7.      All documents, writings, computerized data, papers, summaries, memorandums, notes or investigations, that mention or relate to the subject incident prepared by you and/or your agents, and/or any and all such reports generated on your behalf.

8.      A copy of all of your training manuals and policies relating to the maintenance, inspection or repair of the shelving or signage structures on the Subject Property in effect during the last five years.

9.      A copy of all of your training manuals and policies which concern or relate to keeping the Subject Property, including the shelving and signage structures in a safe, secure condition for the benefit and safety of invitees and the general public in effect during the five-year period before the subject incident up to the present date.

10.     All training and instruction materials (including, but not limited to, any employee manuals, protocols, policies, videotapes, audiotapes, classes, courses, printed handouts, etc.) that

2

you provided to your employees, agents and/or representatives on how to prevent and/or respond to personal injury incidents that occurred at the Subject Property that were in effect for a period of three (3) years prior to the date of incident through the date of your response to this request.

11.     Copies of all your training materials, employee manuals and documents which refer to or reflect the protocols, policies and procedures which you, your affiliated companies, parents, subsidiaries, agents and/or representatives implemented or were expected to comply related to the identification of hazards presented by the shelving or signage structures on the Subject Property that were in effect for a period of five (5) years prior to the date of incident and up to the date of your response to this request.

12.     Copies of any protocols, policies and procedures identified in your Answer to Plaintiffs' First Set of Interrogatories propounded to this Defendant.

13.     Any floor plans or schematics for the Subject Property including the location where the incident occurred.

14.     Any policies of insurance applicable to the subject incident.

15.     All documents reflecting any personal injury that occurred on the Subject Property involving shelving and/or signage components during the five-year period before the subject incident.

16.     Copies of any pleadings, depositions or discovery exchanged in any personal injury lawsuit involving shelving, signage or its component parts falling on someone at the Subject Property which were filed against you or any related, predecessor or successor company at any time during the seven (7) years before the date of the incident alleged in the Plaintiffs' Complaint.

17.     Copies of any claim or demand and/or claims letters alleging injury due to a shelving, signage or its component parts falling on someone at the Subject Property at any time

3

during the seven (7) years before the date of the incident alleged in the Plaintiffs' Complaint.

18.     All documents (written or computerized) regarding, referring or relating to any guest, patron and/or employee complaints concerning hazardous shelving or signage on the Subject Property during the five (5) years before the date of the incident alleged in the Plaintiffs' Complaint.

19.     All contracts or agreements related to the management, maintenance, repair and/or inspection of the shelving  or signage inside the store on the Subject Property that were in effect on the date of incident.

20.     All documents, including invoices, work orders, purchase orders, or other documents (written or computerized) that refer to or reflect the installation of the shelving and signage on the Subject Property, including, but not limited to, the installation of the "Rollback signs" on the shelving units, during the three-year period before the date of incident up to the present date.

21.     All documents, including invoices, work orders, purchase orders, or other documents (written or computerized) that refer to or reflect any modifications, repairs or maintenance of the shelving units or signage inside the Wal-Mart Supercenter on the Subject Property during the last five (5) years.

22.     Any and all documents which refer to or reflect any and all measures taken by you to remedy the dangerous condition(s) described in the Plaintiffs' Complaint.

23.     Any and all policies and procedures referring to the installation, maintenance or repair of the shelving units inside the store on Subject Property that were in effect during the last five years.

24.     Any and all policies and procedures referring to the installation, maintenance or repair of the signage inside the store on Subject Property that were in effect during the last five

4

years.

25.     Any and all notices or notifications regarding the use of signage components including, but not limited to, "Rollback" signs affixed to merchandise shelving, on the Subject Property created during the last five years.

26.     Color copies of any model, plat, map, drawing, motion picture, videotape, photograph, diagrams and/or schematic depicting the grounds of the Subject Property including, but not limited to, the pet department of the Wal-Mart Supercenter as it existed on the date of the incident.

27.     All invoices, work orders, purchase orders, or other documentation (written or computerized) evidencing the maintenance, repair, upgrade, alteration or modification of the shelving units and/or signage components in the pet department where Plaintiff was injured during the five (5) years prior to the date of incident through the date of your response to this request including the type of materials used.  If no work has been performed on the units where Plaintiff was injured within the above specified time period, please provide documentation relative to the last time that such work was performed.

28.     All documents (written or computerized) regarding, referring or relating to your compliance with any federal or state governmental regulations, rules, statutes, codes or ordinances applicable to the development, design, testing, implementation and/or maintenance of shelving units and signage components on the Subject Property during the five-year period prior to date of the incident alleged in the Plaintiffs' Complaint.

29.     All documents pertaining to safety assessments or risk surveys completed by you or an outside consultant that reference the shelving units and/or signage components on the Subject Property.

30.     Copies of all employee time cards, schedules or time sheets referencing the date

of the subject incident.

31. Any and all statements, whether written or recorded, made by or on behalf of any party to this lawsuit or witness to the issues raised by this lawsuit.

32. If it is your contention that the subject incident was caused and/or contributed to by conditions beyond its control, please produce copies of all documents that support your claim.

33. Any and all documents (written or computerized) which support each of the Affirmative Defenses which are contained in your Answer or which you intend to plead in your Answer.

34. All documents used to answer the Interrogatories propounded contemporaneously with these requests.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this First Set of Interrogatories has been served upon the Defendant WAL-MART STORES EAST LP contemporaneously with the Summons and Complaint.

DATED this 20th day of October, 2025.

/s/ Robert B. Boyers            .
ROBERT B. BOYERS
Fla. Bar No. 100978
Email:  rob@boyerslaw.com
           info@boyerslaw.com
MATTHEW S. MAZZARELLA
Fla. Bar No. 52335
Email:  matt@boyerslaw.com
BOYERS LAW GROUP, P.A.
*Attorneys for Plaintiffs*
123 Almeria Avenue
Coral Gables, Florida 33134
Telephone:     (305) 512-7600
Facsimile:      (786) 509-8021

6

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,**
**IN AND FOR BROWARD COUNTY, FLORIDA**

CHANTAL RAYNARD
and GEORGE RAYNARD,                                     CIRCUIT CIVIL DIVISION

     Plaintiffs,                                               CASE NO:

vs.

WAL-MART STORES EAST, LP

     Defendant.

_____

**PLAINTIFFS' NOTICE OF SERVICE**
**OF FIRST SET OF INTERROGATORIES TO DEFENDANT**

     Plaintiffs CHANTAL RAYNARD and GEORGE RAYNARD, by and through undersigned counsel, and pursuant to Florida Rules of Civil Procedure 1.340, propound following First Set of Interrogatories to Defendant WAL-MART STORES EAST, LP, to be answered under oath, in writing, within its knowledge or the knowledge of its agents, servants, employees or attorneys, within forty-five (45) days from the date of service.

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a copy of this First Set of Interrogatories has been served upon the Defendant WAL-MART STORES EAST LP contemporaneously with the Summons and Complaint.

     DATED this 20th day of October, 2025.

                         /s/ Robert B. Boyers_____.
                         ROBERT B. BOYERS
                         Fla. Bar No. 100978
                         Email:  rob@boyerslaw.com
                                info@boyerslaw.com
                         MATTHEW S. MAZZARELLA
                         Fla. Bar No. 52335
                         Email:  matt@boyerslaw.com
                         BOYERS LAW GROUP, P.A.

*Attorneys for Plaintiffs*
123 Almeria Avenue
Coral Gables, Florida 33134
Telephone:     (305) 512-7600
Facsimile:     (786) 509-8021

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT**

1.    What is the name and address of the person answering these Interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.    Describe any and all policies of insurance which cover or may cover you for the allegations set forth in Plaintiffs' Complaint, detailing as to such policies: the name of the insurer, number of the policy, the effective dates of the policy, the available limits of liability and the name and address of the custodian of the policy.

3.    Do you contend that any person or entity is, or may be liable in whole or part for the claims asserted against it in this lawsuit?  If so, state the full name and address of each such individual or other entity, the legal basis for your contention, the facts or evidence upon which the contention is based, and whether or not you have notified each such person or entity of your contention.

4.    List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit and specify the subject matter about which the witness has knowledge.

5.      Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of the statement.

6.      Please state whether any claim for personal injury involving shelving, signage or its component parts falling on someone at the subject property located at 5571 W Hillsboro Boulevard, Coconut Creek, Florida 33073 ("Subject Property") has been made against you during the last seven (7) years. This question includes all claims including, but not limited to, civil damages, administrative complaints, lawsuits or proceedings wherein you were or could have been fined, any proceeding wherein your license to operate was, or could have been, suspended or revoked, or any criminal claim.  If the answer is yes, please state as to each such claim the names of the parties, the claim number, the date of the alleged incident, the ultimate disposition of the claim and the name of your attorney, if any.

7.      Do you intend to call any expert witnesses at the trial of this case?  If so, state as to each such witness the name, business address and area of expertise of the witness, the subject matter upon which the witness is expected to testify, the facts and opinions to which the witness will testify, and a summary of the grounds of each opinion.

8.      Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case?  If so, state the terms of the agreement and the parties to it.

9.    State the name and address of each person known to you, your agents or attorneys who has knowledge about, or possession, custody or control of any model, plat, map, drawing, motion picture, video tape, surveillance video or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

10.   Describe in detail how the incident described in the Complaint happened, including all actions taken by you to prevent the incident.

11.   Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

12.   Please identify any witness by name, address and telephone number, and provide, in detail, any documents, facts or law upon which you rely in support of each affirmative defense raised by you in your Answer.

13.     For each allegation of the Complaint denied in your Answer, please provide, in detail, the factual and legal basis for said denial, and identify all documents, things and witnesses supporting said denial.

14.     Describe your protocols, policies and procedures for maintaining the Subject Property in a safe condition for invitees, patrons and others lawfully on the premises that were in effect during the five-year period before the subject incident up to the present date..

15.     Describe the manner in which you teach the protocols, policies and procedures described in the previous Interrogatory to your employees, agents and/or apparent agents, also identifying any written materials, audiotapes or videotapes utilized for this purpose.

16.     Describe your protocols, policies and procedures for maintaining the shelving, signage or its component parts on the Subject Property in a safe condition for invitees, patrons and others lawfully on the premises that were in effect during the five-year period before the subject incident up to the present date.

17.   Describe the manner in which you teach the protocols, policies and procedures described in the previous Interrogatory to your employees, agents and/or apparent agents, also identifying any written materials, audiotapes or videotapes utilized for this purpose.

18.   Please identify any of your employees, agents and/or apparent agents who were witnesses to the incident described in the Complaint which caused injury to Plaintiff and describe what they saw, heard or concluded regarding the subject incident.

19.   Identify any employees, agents and/or apparent agents who were present in the department in which this incident occurred, the pet department, between 9:00 AM to 3:30 PM. To the extent that this list of individuals is unavailable, identify any employees, agents and/or apparent agents who were responsible for inspecting, maintaining or otherwise working in that area within the same period.

20.   Please describe any and all actions you took before the subject incident to prevent future accidents and/or incidents, such as injuries from improperly secured shelving, signage or their component parts, from occurring on the Subject Property.

21.    Please state whether any safety analyses, surveys or risk assessments of the shelving, signage or their component parts on the Subject Property have been conducted by proprietary safety personnel, or independent safety consultants prior to the subject incident.  If yes, please state the name and address of each individual or entity, the date the survey or assessment was performed, and the results of each survey or assessment and the identity of the person(s) in possession of said report(s). If not, describe in detail how you made the decision as to what safety measures were appropriate.

22.    Please describe in detail, including the manufacturer and model number, the shelving and attached or adjacent signage in the pet department of the Wal-Mart Supercenter on the Subject Property within the five (5) years prior to the date of incident up to the present date. Also identify the name of the contractor, subcontractor, individual or entity that installed the shelving and signage as they existed on the date of incident and indicate when they were installed.

23.    Describe in detail any repairs, modifications, or maintenance work performed (also specifically identifying the materials utilized) on the subject shelving and signage within the five years prior to the date of incident up to the present date.  Also identify the name of the contractor, subcontractor, or company that performed the work, when it was performed and what materials were used.

24. Please identify each employee, agent or contractor who was responsible for the maintenance of the shelving or signage in the pet department inside the Wal-Mart Supercenter on the Subject Property during the 3-month period before and including the date of incident

25. Identify and describe the text of any warning signs placed on or near where Plaintiff was injured on the date of incident.   Please also indicate who placed the warning sign(s) and when they were placed or installed.

26. Identify and describe the specific portion of the shelving, signage, and/or any of their component parts that fell onto Plaintiff on the date of the incident.

27. Explain in detail why the materials identified in your response to the previous interrogatory were not secured, and state the specific cause or causes for their falling onto Plaintiff on the date of the incident.

28. Identify and describe all actions taken to resecure the materials identified in Interrogatory No. 26 after they fell onto Plaintiff, including the date and time such actions were taken and the identity of all persons who performed them.

_____

STATE OF _____          )
                                    ) SS:
COUNTY OF _____            )


  I HEREBY CERTIFY that on this day before me, an officer duly authorized in the State

and County aforesaid to take acknowledgments, has personally appeared

_____ as _____ on behalf of

_____ who is personally known to me or who has presented

_____ as identification, who has executed the foregoing

instrument and who has/has not taken an oath.

  WITNESS my hand and official seal in the County and State last aforesaid this _____

day of _____, 2025.


My Commission Expires:          _____


            NOTARY PUBLIC, STATE OF _____
            AT LARGE

            Print name: _____

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,**
**IN AND FOR BROWARD COUNTY, FLORIDA**

CHANTAL RAYNARD
and GEORGE RAYNARD,                                  CIRCUIT CIVIL DIVISION

      Plaintiffs,                                  CASE NO: CACE-25-015950

vs.

WAL-MART STORES EAST, LP

      Defendant.

_____/

<u>**CIVIL ACTION SUMMONS**</u>

**TO:**    **WAL-MART STORES EAST, LP**

     **By Serving:**   **C T Corporation System, Registered Agent**
                       **1200 South Pine Island Road**
                       **Plantation, Fl 33324**

     A lawsuit has been filed against **WAL-MART STORES EAST, LP**. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint and demand for jury trial with the clerk of the court. A phone call will not protect you; your written response, including the case number given above the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

     If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

Broward County Courthouse
Clerk of the Circuit Court
201 SE 6th Street
Fort Lauderdale, Florida 33301
or at:  www.myflcourtaccess.com
(for those qualified to file in the Florida Courts eFiling Portal)

You must also mail or take a copy of your written response to the "Plaintiffs/Plaintiff's Attorneys" named below.

CACE-25-015950

CASE NO.  CACE-25-012788
Civil Action Summons
Page 2 of 2

Robert B. Boyers, Esquire
Matthew Mazzarella, Esquire
BOYERS LAW GROUP, P.A.
123 Almeria Avenue
Coral Gables, Florida 33134
Service emails:      rob@boyerslaw.com
matt@boyerslaw.com
info@boyerslaw.com


TO EACH SHERIFF OF THE STATE OF FLORIDA:  You are commanded to serve this Complaint and Demand for Jury Trial, Plaintiffs' First Request for Production to Defendant, Plaintiffs' Notice of Service of First Set of Interrogatories to Defendant and Plaintiffs' Initial Discovery Disclosures on the above-named defendant.


OCT 22 2025

BRENDA D. FORMAN
CIRCUIT AND COUNTY COURTS


BY_____
DEPUTY CLERK

(Court Seal)

BRENDA D. FORMAN

NOT AN OFFICIAL COPY – CCIS – ATTORNEY OF RECORD

IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: CACE-25-015950


CHANTAL RAYNARD
and GEORGE RAYNARD,

      Plaintiff,

              vs.

WAL-MART STORES EAST, LP,

      Defendant.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION
## OF PRIMARY AND SECONDARY EMAIL ADDRESSES

      The Defendant, WAL-MART STORES EAST, LP ("Walmart"), hereby gives notice that Gregory A. Reed, Esq. and Julian M. Smothers, Esq., with the law firm of Simon, Reed & Salazar, P.A., 9130 South Dadeland Boulevard, Suite 1209, Miami, FL 33156, are counsel of record. All pleadings, notices, filings, and motions, etc. should be served upon Mr. Reed and Mr. Smothers, as counsel for Defendant. In addition, in accordance with Florida Rule of Civil Procedure 1.080, the law firm of Simon, Reed & Salazar, P.A. hereby designate their Primary and Secondary email addresses and requests that copies of all orders, process, pleadings, and other documents filed or served in this matter be served on the Primary and Secondary email addresses listed below, with such service electronically through E-Portal and email complying with Rule 2.516(b)(1)(E).

| PRIMARY | SECONDARY |
|---|---|
| Gregory A. Reed, Esq. greed@simonreedlaw.com  Julian M. Smothers, Esq. jsmothers@simonreedlaw.com | Yajaira Herrera yherrera@simonreedlaw.com |

CASE NO: CACE-25-012788

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed electronically and sent by e-mail from the Florida Courts' E-Filing Portal system, October 30, 2025, and served upon: Robert B. Boyers, Esq., Boyers Law Group, 123 Almeria Avenue, Coral Gables, Florida 33134, <u>rob@boyerslaw.com</u>, <u>matt@boyerslaw.com</u>, <u>info@boyerslaw.com</u>.

**SIMON, REED & SALAZAR, P.A.**
*Attorneys for Defendant Walmart*
Two Datran Center - Suite 1209
9130 S. Dadeland Blvd.
Miami, Florida 33156
Tel.: (305) 670-0776
Fax: (305) 670-0731

*/s/ Gregory A. Reed*
By: _____
GREGORY A. REED
Florida Bar No. 0074251
Primary e-mail: <u>greed@simonreedlaw.com</u>
Secondary e-mail: <u>yherrera@simonreedlaw.com</u>
JULIAN M. SMOTHERS
Florida Bar No. 0630640
Primary e-mail: jsmothers@simonreedlaw.com

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: CACE-25-015950

CHANTAL RAYNARD
and GEORGE RAYNARD,

     Plaintiff,

          vs.

WAL-MART STORES EAST, LP,

     Defendant.

_____/

### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

COMES NOW the Defendant, WAL-MART STORES EAST, LP ("Walmart"), by and through undersigned counsel and in response to the Complaint filed herein against it, states as follows:

1.     Walmart denies each and every allegation of the Complaint filed herein against it and demands strict proof thereof.

### FIRST AFFIRMATIVE DEFENSE

As an affirmative defense, Walmart states that Plaintiff was guilty of negligence which was the sole or contributing cause of any injury or damage sustained by her.

### SECOND AFFIRMATIVE DEFENSE

As a further affirmative defense, Walmart states that Plaintiff was guilty of negligence which was a cause of any injury or damage sustained by her that was/is equal to and/or greater than fifty percent of the entire contributory causes for said injury or damage, and as such is barred from recovery.

### THIRD AFFIRMATIVE DEFENSE

As a further affirmative defense, Walmart states that the Plaintiff took actions which voluntarily assumed the risk of any consequences to such actions and/or affirmatively created, or took actions contributing to, the circumstances which constituted and/or served as the context for the dangerous condition alleged to have caused her accident.

CASE NO: CACE-25-015950

### FOURTH AFFIRMATIVE DEFENSE

As a further affirmative defense, Walmart states that the sole cause or contributing cause of any injuries or damages complained of by the Plaintiff was the negligence of an unknown customer, a third party who is neither an agent or employee of Walmart, as to whom Walmart reserves the right to seek placement of any such third parties on the verdict form for assessment of fault as to same, pursuant to Florida statutory law and/or *Fabre v. Marin,* or through some intervening proximate cause and/or condition. The Defendant is undertaking steps to identify the unknown customer who caused Plaintiff's incident.

### FIFTH AFFIRMATIVE DEFENSE

As a further affirmative defense, Walmart states that some or all of Plaintiff's alleged special damages have been paid by collateral sources and Plaintiff is not entitled to duplicate recovery of these amounts which are not recoverable as damages, or in the alternative, evidence of collateral source payments should be submitted to the Jury.

### SIXTH AFFIRMATIVE DEFENSE

As a further affirmative defense, Walmart states that Plaintiff is not entitled to recover damages in this case for any amount which represents medical expenses or lost wages paid or payable from any other collateral source, or Walmart is entitled to a set-off of any such amounts.

### SEVENTH AFFIRMATIVE DEFENSE

As a further affirmative defense, Walmart states that all or portions of Plaintiff's claims fail to state a claim for which relief may be granted under Florida law.

CASE NO: CACE-25-015950

### EIGHTH AFFIRMATIVE DEFENSE

As a further affirmative defense, Walmart states that the Plaintiff failed to mitigate her damages.

### NINTH AFFIRMATIVE DEFENSE

As a further affirmative defense, Walmart states that Plaintiff's damages, if any, were not proximately caused by the incident described in the Amended Complaint and/or were pre-existing, and/or were caused by some intervening/superseding cause condition or event; and therefore, Plaintiff is barred from recovery against Walmart.

### TENTH AFFIRMATIVE DEFENSE

As a further affirmative defense, Walmart states that this action is subject to the rights, limitations, protections and/or defenses set forth in or in any way a part of Laws of Florida 2023-15 (CS/CS/HB 837), Civil Remedies.

### ELEVENTH AFFIRMATIVE DEFENSE

As a further affirmative defense, Walmart states that Plaintiff's claim is barred in whole or in part by the Doctrine of Avoidable Consequences, in that the damages alleged by Plaintiff could have been avoided by Plaintiff without undue risk, burden or humiliation.

### TWELFTH AFFIRMATIVE DEFENSE

As a further affirmative defense, Walmart states that this action is subject to the rights, limitations, protections and/or defenses set forth in or in any way a part of Florida Statute §768.0427.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a further affirmative defense, Walmart states that Plaintiff's damages, if any, for medical treatment performed under letters of protection are limited by the provisions of Fla. Stat. § 768.0427(2)(a) to amounts actually paid by Plaintiff or on her behalf, by Fla. Stat. § 768.0427(2)(b)(3) to 120% of the Medicare reimbursement rate, or, if there is no applicable Medicare rate for a service, 170% of the applicable state Medicaid rate; and further pursuant to Fla. Stat. § 768.0427(4), all of which provisions

CASE NO: CACE-25-015950

apply to this case.

## DEMAND FOR JURY TRIAL

Walmart demands trial by jury as to all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed electronically and sent by e-mail from the Florida Courts' E-Filing Portal system, October 30, 2025, and served upon: Robert B. Boyers, Esq., Boyers Law Group, 123Almeria Avenue, Coral Gables, Florida 33134, rob@boyerslaw.com, matt@boyerslaw.com, info@boyerslaw.com.

**SIMON, REED & SALAZAR, P.A.**
Attorneys for Defendant Walmart
Two Datran Center - Suite 1209
9130 S. Dadeland Blvd.
Miami, Florida 33156
Tel.: (305) 670-0776
Fax: (305) 670-0731

/s/ *Gregory A. Reed*

By:   _____
GREGORY A. REED
Florida Bar No. 0074251
Primary e-mail: greed@simonreedlaw.com
Secondary e-mail: yherrera@simonreedlaw.com
JULIAN M. SMOTHERS
Florida Bar No. 0630640
Primary e-mail: jsmothers@simonreedlaw.com

4

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,
## IN AND FOR BROWARD COUNTY, FLORIDA

CHANTAL RAYNARD
and GEORGE RAYNARD,                                   CIRCUIT CIVIL DIVISION

      Plaintiffs,                                   CASE NO: CACE-25-015950

vs.

WAL-MART STORES EAST, LP,

      Defendant.
_____/

### PLAINTIFF'S REPLY TO DEFENDANTS' AFFIRMATIVE DEFENSES

Plaintiffs, CHANTAL RAYNARD and GEORGE RAYNARD, by and through their undersigned counsel, hereby files their Reply to Defendant, WAL-MART STORES EAST, LP's, Affirmative Defenses to Plaintiff's Complaint, as follows:

1.     The Plaintiff denies each and every affirmative defense contained in Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint dated October 30th, 2025 and demands strict proof thereof.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-filed on this 11th day of November 2025, with the Clerk of the Broward County Circuit Court, 17th Judicial District, via the Florida Courts E-Filing Portal, which will send a notice of electronic filing to: **Gregory A. Reed, Esq. and Julian M. Smothers, Esq.,** Simon, Reed & Salzar, P.A., *Attorneys for Defendant, Wal-Mart Stores East, LP,* 9130 South Dadeland Boulevard, Suite 1209, Miami, Florida 33156 [greed@simonreedlaw.com, jsmothers@simonreedlaw.com and yherrera@simonreedlaw.com ]

/s/ Robert B. Boyers                    .
ROBERT B. BOYERS
Fla. Bar No. 100978
Email:  rob@boyerslaw.com
       info@boyerslaw.com
MATTHEW S. MAZZARELLA
Fla. Bar No. 52335
Email:  matt@boyerslaw.com
**BOYERS LAW GROUP, P.A.**
*Attorneys for Plaintiff*
123 Almeria Avenue
Coral Gables, Florida 33134
Telephone:    (305) 512-7600
Facsimile:    (786) 509-8021

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

CHANTAL RAYNARD
and GEORGE RAYNARD,                                    CIRCUIT CIVIL DIVISION

      Plaintiffs,                                          CASE NO: CACE-25-015950

vs.

WAL-MART STORES EAST, LP,

      Defendant.

_____/

### NOTICE OF FILING

Plaintiffs, CHANTAL RAYNARD and GEORGE RAYNARD, by and through their undersigned counsel, hereby files the original Civil Action Summons and Verified Return of Service for Defendant, WAL-MART STORES EAST, LP.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-filed on this 11ᵗʰ day of November 2025, with the Clerk of the Broward County Circuit Court, 17ᵗʰ Judicial District, via the Florida Courts E-Filing Portal, which will send a notice of electronic filing to: **Gregory A. Reed, Esq. and Julian M. Smothers, Esq.,** Simon, Reed & Salzar, P.A., *Attorneys for Defendant, Wal-Mart Stores East, LP,* 9130 South Dadeland Boulevard, Suite 1209, Miami, Florida 33156 [greed@simonreedlaw.com, jsmothers@simonreedlaw.com and yherrera@simonreedlaw.com].

/s/ Robert B. Boyers                .
ROBERT B. BOYERS
Fla. Bar No. 100978
Email:  rob@boyerslaw.com
MATTHEW S. MAZZARELLA
Fla. Bar No. 52335
Email:  matt@boyerslaw.com
BOYERS LAW GROUP, P.A.
*Attorneys for Plaintiff*
123 Almeria Avenue
Coral Gables, Florida  33134
Telephone:     (305) 512-7600
Facsimile:      (786) 509-8021

# VERIFIED RETURN OF SERVICE

Job # MIA26940

**Client Info:**

Boyers Law Group
123 Almeria Avenue
Coral Gables, FL  33134

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| CHANTAL RAYNARD and GEORGE RAYNARD | |
| -versus- | County of Broward, Florida |
| **DEFENDANT:** | Court Case # **CACE-25-015950** |
| WAL-MART STORES EAST, LP | |

**Service Info:**

Received by Joseph Marker: on October, 24th 2025 at **10:19 AM**
Service: I Served **WAL-MART STORES EAST, LP By Serving: C T Corporation System, Registered Agent**
With: **CIVIL ACTION SUMMONS, COMPLAINT AND DEMAND FOR JURY TRIAL, PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT, PLAINTIFFS' NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO DEFENDANT, NOTICE OF SERVING INITIAL DISCOVERY DISCLOSURES,**
by leaving with **Timothy Goode, AUTHORIZED TO ACCEPT**

At Business **1200 SOUTH PINE ISLAND RD PLANTATION, FL 33324**
On **10/27/2025** at **12:20 PM**
Manner of Service: **CORPORATE R/A**
F.S. 48.091(1)(2) CORPORATIONS: DESIGNATION OF REGISTERED AGENT

**Served Description: (Approx)**

Age: **38**, Sex: **Male**, Race: **Black-African American**, Height: **5' 8"**, Weight: **175**, Hair: **Black** Glasses:  **No**

I **Joseph Marker** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.



_____
**Joseph Marker**
Lic # **SPS 613**

**Accurate Serve of Plantation**
151 North Nob Hill Road #254
Plantation, FL 33324
Phone: (954) 228-4029

Our Job # **MIA26940**   Client Ref # **WAL-MART STORES EAST, LP**




Case 0:25-cv-62569-WPD   Document 1-2   Entered on FLSD Docket 12/31/2025   Page 39 of 52
DATE: 10/27/2025 TIME: 12:20 PM

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,
## IN AND FOR BROWARD COUNTY, FLORIDA

CHANTAL RAYNARD
and GEORGE RAYNARD,                                CIRCUIT CIVIL DIVISION

     Plaintiffs,                                CASE NO: CACE-25-015950

vs.

WAL-MART STORES EAST, LP

     Defendant.
_____/

## CIVIL ACTION SUMMONS

**TO:**   **WAL-MART STORES EAST, LP**

    **By Serving:**   **C T Corporation System, Registered Agent**
                **1200 South Pine Island Road**
                **Plantation, Fl 33324**

    A lawsuit has been filed against **WAL-MART STORES EAST, LP**.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint and demand for jury trial with the clerk of the court.  A phone call will not protect you; your written response, including the case number given above the names of the parties, must be filed if you want the Court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

Broward County Courthouse
Clerk of the Circuit Court
201 SE 6th Street
Fort Lauderdale, Florida 33301
or at:  www.myflcourtaccess.com
(for those qualified to file in the Florida Courts eFiling Portal)

You must also mail or take a copy of your written response to the "Plaintiffs/Plaintiff's Attorneys" named below.

CACE-25-015950

CASE NO.  CACE-25-012788
Civil Action Summons
Page 2 of 2

Robert B. Boyers, Esquire
Matthew Mazzarella, Esquire
BOYERS LAW GROUP, P.A.
123 Almeria Avenue
Coral Gables, Florida 33134
Service emails:      rob@boyerslaw.com
matt@boyerslaw.com
info@boyerslaw.com

TO EACH SHERIFF OF THE STATE OF FLORIDA:  You are commanded to serve this Complaint and Demand for Jury Trial, Plaintiffs' First Request for Production to Defendant, Plaintiffs' Notice of Service of First Set of Interrogatories to Defendant and Plaintiffs' Initial Discovery Disclosures on the above-named defendant.

OCT 22 2025

BRENDA D. FORMAN
CIRCUIT AND COUNTY COURTS

BY_____
DEPUTY CLERK

(Court Seal)
BRENDA D. FORMAN

NOT AN OFFICIAL COPY – CCIS – ATTORNEY OF RECORD

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,**
**IN AND FOR BROWARD COUNTY, FLORIDA**

CHANTAL RAYNARD
and GEORGE RAYNARD,                                      CIRCUIT CIVIL DIVISION

     Plaintiffs,                                          CASE NO: CACE-25-015950

vs.

WAL-MART STORES EAST, LP,

     Defendant.

_____/

**NOTICE OF SERVING INITIAL DISCLOSURE**

     Plaintiffs, CHANTAL RAYNARD and GEORGE RAYNARD, pursuant to Florida Rule

of Civil Procedure 1.280(a), have served their initial disclosures on October 27, 2025.

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-filed on

this 11th day of November 2025, with the Clerk of the Broward County Circuit Court, 17th

Judicial District, via the Florida Courts E-Filing Portal, which will send a notice of electronic

filing to**: Gregory A. Reed, Esq. and Julian M. Smothers, Esq.,** Simon, Reed & Salzar, P.A.,

*Attorneys for Defendant, Wal-Mart Stores East, LP,* 9130 South Dadeland Boulevard, Suite

1209, Miami, Florida 33156 [greed@simonreedlaw.com, jsmothers@simonreedlaw.com and

yherrera@simonreedlaw.com ].

/s/ Robert B. Boyers                .
ROBERT B. BOYERS
Fla. Bar No. 100978
Email:  rob@boyerslaw.com
             info@boyerslaw.com
MATTHEW S. MAZZARELLA
Fla. Bar No. 52335
Email:  matt@boyerslaw.com
**BOYERS LAW GROUP, P.A.**
*Attorneys for Plaintiff*
123 Almeria Avenue
Coral Gables, Florida 33134
Telephone:     (305) 512-7600
Facsimile:     (786) 509-8021

NOT AN OFFICIAL COPY – CCIS – ATTORNEY OF RECORD

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: CACE-25-015950

CHANTAL RAYNARD
and GEORGE RAYNARD,

      Plaintiff,

               vs.

WAL-MART STORES EAST, LP,

      Defendant.

_____/

### DEFENDANT, WAL-MART STORES EAST, LP'S.
### NOTICE OF PRODUCTION FROM NON-PARTY

      YOU ARE NOTIFIED that after ten (10) days from the date of service of this notice, the undersigned will issue or apply to the clerk of this court for issuance of the attached subpoena directed to the following:

1. **Records Custodian for:**
   Associates MD Medical Group
   4780 Davie Road Suite 101
   Davie, Fl 33314

2. **Records Custodian for:**
   Baptist Health Medical Group
   1001 NW 13th St Suite 201
   Boca Raton, FL 33486

3. **Records Custodian for:**
   Bougie Center For Chiropractic & Alternative Medicine
   9033 Glades Rd Ste C,
   Boca Raton, FL 33434

4. **Records Custodian for:**
   Broward Hand Center, Inc.
   3100 Coral Hills Dr. Suite 305
   Coral Springs, FL 33065

CASE NO: CACE-25-015950

5. **Medical Records Custodian for:**
   Chirocare Of Boca Raton, LLC.
   9325 Glades Rd, #108
   Boca Raton FL 33434

6. **Records Custodian for:**
   CVS Pharmacy
   7016 Bera Casa Way
   Boca Raton, Fl 33433

7. **Records Custodian for:**
   CVS Pharmacy
   21140 St Andrews Blvd,
   Boca Raton, Fl 33433

8. **Records Custodian for:**
   Delray MRI/ Delray West Boca Associates, Ltd.
   5270 Linton Blvd
   Delray Beach, Fl 33484

9. **Records Custodian for:**
   ER Specialty Billing, Inc.
   4709 West Hawthorne
   Circle Hollywood, Fl 33021

10. **Records Custodian for:**
    Florida Blue
    c/o The Rawlings Co. LLC.
    by Serving the Registered Agent:
    Patricia G. Tobin, Esq.
    1 Eden Parkway
    La Grande, KY 40031

11. **Records Custodian for:**
    Greater Florida Anesthesiologists, LLC.
    5380 Tech Data Dr,
    Clearwater, FL 33760

12. **Records Custodian for:**
    Hollywood Regional Surgery Center
    3475 Sheridan St Ste 104
    Hollywood, Fl 33021

13. **Records Custodian for:**
    Kessler Sports Medicine Center
    2900 North Military Trail,
    Boca Raton Fl 33431-6365

14. **Records Custodian for:**
    Kessler Sports Medicine Center
    800 E Cypress Creek Rd, Ste 304,
    Fort Lauderdale, Fl 33334-3522

15. **Records Custodian for:**
    MD Now Urgent Care
    7035 Beracasa Way, Ste 105
    Boca Raton, FL 33433-3454

16. **Records Custodian for:**
    Michael R. Alexander, M.D.
    7050 NW 4th St STE 203,
    Plantation, FL 33317

17. **Records Custodian for:**
    Mobile Therapy Group LLC.
    630 S Sapodilla Ave, Unit 117
    West Palm Beach Fl 33401

18. **Records Custodian for:**
    Mark S. Khilnani, M.D.
    West Boca Medical Center
    21644 State Road 7,
    Boca Raton, FL, 33428

19. **Records Custodian for:**
    Molina Health Care
    c/o Optum Insurance of Ohio
    By Serving the Registered Agent:
    Attn: Donna Moch
    Corporation Service Company
    1201 Hays Street
    Tallahassee, FL 32301

20. **Records Custodian for:**
    Neurology, Diagnosis & Solutions Inc.

CASE NO: CACE-25-015950

2525Embassy Dr., Suite 5
Cooper City, Fl 33026

21. **Records Custodian for:**
Neurospine Plus LLC.
800 E Cypress Creek Rd Ste 203
Fort Lauderdale, Fl 33334-3522

22. **Records Custodian for:**
Nulife Orthopedic & Neurosurgery
5458 Town Center Road, Suite 104,
Boca Raton FL, 33486

23. **Records Custodian for:**
Parkcreek Surgery Center
6806.N State Rd 7
Coconut Creek, Fl 33073

24. **Records Custodian for:**
Paragon Contracting Services
c/o Registered agent:
Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

25. **Records Custodian for:**
Pohlman Pain Associates
9601 W. Sample Rd
Coral Springs, FL 33065

26. **Records Custodian for:**
Prestige Anesthesia, LLC.
5944 Coal Ridge Drive #170
Coral Springs, Fl 33076

27. **Records Custodian for:**
Sheridan Radiology Services of So Florida
Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

4

CASE NO: CACE-25-015950

28. **Records Custodian for:**
    Spine and Orthopedic Specialists of South FL.
    2090 Palm Beach Lakes Blvd, Suite 202,
    West Palm Beach, Fl 33409-6522

29. **Records Custodian for:**
    Spine and Orthopedic Specialists of South FL.
    4750 N Federal Hwy, Ste 301
    Fort Lauderdale, Fl 33308-4609

30. **Records Custodian for:**
    Traverso Hand Inc.
    3100 Coral Hills Dr., Suite 305
    Coral Springs, Fl 33065

31. **Records Custodian for:**
    Trimed Spine & Joint
    307 Via De Palmas
    Boca Raton, Fl 33432

32. **Records Custodian for:**
    West Boca Medical Center ER
    21644 State Rd. 7,
    Boca Raton, FL 33428

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed electronically and sent by e-mail from the Florida Courts' E-Filing Portal system, December 9, 2025, and served upon: Robert B. Boyers, Esq., Boyers Law Group, 123 Almeria Avenue, Coral Gables, Florida 33134, rob@boyerslaw.com, matt@boyerslaw.com, info@boyerslaw.com.

**SIMON, REED & SALAZAR, P.A.**
*Attorneys for Defendant Wal-Mart Stores East, LP.*
9130 S. Dadeland Boulevard, Suite 1209
Miami, Florida 33156
Tel.: (305) 670-0776
Fax: (305) 670-0731

CASE NO: CACE-25-015950

By: */s/ Dominique Brown, Esq.*
    GREGORY A. REED
    Florida Bar No. 0074251
    Primary e-mail: greed@simonreedlaw.com
    Secondary e-mail: yherrera@simonreedlaw.com
    JULIAN M. SMOTHERS
    Florida Bar No. 0630640
    Primary e-mail: jsmothers@simonreedlaw.com
    DOMINIQUE G. BROWN
    Florida Bar No.1010187
    Primary e-mail: dbrown@simonreedlaw.com

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA**

CHANTAL RAYNARD
and GEORGE RAYNARD,

        CIRCUIT CIVIL DIVISION

        Plaintiffs,

        CASE NO: CACE-25-015950

vs.

WAL-MART STORES EAST, LP,

        Defendant.

_____/

## PLAINTIFFS' OBJECTIONS TO SUBPOENAS DUCES TECUM

Plaintiffs, CHANTAL RAYNARD and GEORGE RAYNARD, hereby object to Defendant,

WAL-MART STORES EAST, LP, Notice of Production from Non-Party dated December 9th, 2025,

and Subpoena Duces Tecum addressed to the following entities:

1. **CVS Pharmacy**
   **7016 Bera Casa Way**
   **Boca Raton, Fl 33433**

   Objection. Overbroad, unduly burdensome, not limited in time or scope and not reasonably
   calculated to lead to the discovery of admissible evidence.

2. **CVS Pharmacy**
   **21140 St Andrews Blvd,**
   **Boca Raton, Fl 33433**

   Objection. Overbroad, unduly burdensome, not limited in time or scope and not reasonably
   calculated to lead to the discovery of admissible evidence.

3. **Florida Blue**
   **c/o The Rawlings Co, LLC.**
   **by Serving the Registered Agent: Patricia G. Tobin, Esq.**
   **1 Eden Parkway**
   **La Grande, KY 40031**

   Objection. Overbroad, unduly burdensome, not limited in time or scope and not reasonably
   calculated to lead to the discovery of admissible evidence.

4. **Molina Health Care**
   **c/o Optum Insurance of Ohio**
   **By Serving the Registered Agent:**
   **Attn: Donna Moch**
   **Corporation Service Company 1201 Hays Street**
   **Tallahassee, FL 32301**

Objection.  Overbroad, unduly burdensome, not limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-filed on this 11th day of December 2025, with the Clerk of the Broward County Circuit Court, 17th Judicial District, via the Florida Courts E-Filing Portal, which will send a notice of electronic filing to: **Gregory A. Reed, Esq. and Julian M. Smothers, Esq.,** Simon, Reed & Salzar, P.A., *Attorneys for Defendant, Wal-Mart Stores East, LP,* 9130 South Dadeland Boulevard, Suite 1209, Miami, Florida 33156 [greed@simonreedlaw.com, jsmothers@simonreedlaw.com and yherrera@simonreedlaw.com ].

/s/ Robert B. Boyers             .
ROBERT B. BOYERS
Fla. Bar No. 100978
Email:  rob@boyerslaw.com
         info@boyerslaw.com
MATTHEW S. MAZZARELLA
Fla. Bar No. 52335
Email:  matt@boyerslaw.com
**BOYERS LAW GROUP, P.A.**
*Attorneys for Plaintiff*
123 Almeria Avenue
Coral Gables, Florida 33134
Telephone:    (305) 512-7600
Facsimile:    (786) 509-8021

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,
## IN AND FOR BROWARD COUNTY, FLORIDA

CHANTAL RAYNARD
and GEORGE RAYNARD,

CIRCUIT CIVIL DIVISION

       Plaintiffs,

CASE NO: CACE-25-015950

vs.

WAL-MART STORES EAST, LP,

       Defendant.

_____/

## REQUEST FOR COPIES

      Plaintiffs, CHANTAL RAYNARD and GEORGE RAYNARD, by and through their

undersigned counsel, request copies of all documents obtained from the Records Custodian for:

1.  Associates MD Medical Group
2.  Baptist Health Medical Group
3.  Bougie Center For Chiropractic & Alternative Medicine
4.  Broward Hand Center, Inc.
5.  Chirocare Of Boca Raton, LLC
6.  Delray MRI/ Delray West Boca Associates, Ltd.
7.  ER Specialty Billing, Inc.
8.  Greater Florida Anesthesiologists, LLC.
9.  Hollywood Regional Surgery Center
10. Kessler Sports Medicine Center
11. Kessler Sports Medicine Center
12. MD Now Urgent Care
13. Michael R. Alexander, M.D.
14. Mobile Therapy Group LLC.
15. Mark S. Khilnani, M.D. West Boca Medical Center
16. Neurology, Diagnosis & Solutions Inc.
17. Neurospine Plus LLC.
18. Nulife Orthopedic & Neurosurgery
19. Parkcreek Surgery Center
20. Paragon Contracting Services c/o Registered agent
21. Pohlman Pain Associates
22. Prestige Anesthesia, LLC
23. Sheridan Radiology Services of So Florida Corporation Service Company
24. Spine and Orthopedic Specialists of South FL.
25. Spine and Orthopedic Specialists of South FL.

26. Traverso Hand Inc.
27. Trimed Spine & Joint
28. West Boca Medical Center ER

pursuant to Defendant's, WAL-MART STORES EAST, LP, Notice of Production from Non-Parties Pursuant to Rule 1.351 of the Florida Rules Of Civil Procedure dated December 9th, 2025. Plaintiffs will reimburse Defendant for the reasonable costs of copying same.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-filed on this 11th day of December 2025, with the Clerk of the Broward County Circuit Court, 17th Judicial District, via the Florida Courts E-Filing Portal, which will send a notice of electronic filing to**: Gregory A. Reed, Esq. and Julian M. Smothers, Esq.,** Simon, Reed & Salzar, P.A., *Attorneys for Defendant, Wal-Mart Stores East, LP,* 9130 South Dadeland Boulevard, Suite 1209, Miami, Florida 33156 [greed@simonreedlaw.com, jsmothers@simonreedlaw.com and yherrera@simonreedlaw.com ].

/s/ Robert B. Boyers                    .
ROBERT B. BOYERS
Fla. Bar No. 100978
Email:  rob@boyerslaw.com
        info@boyerslaw.com
MATTHEW S. MAZZARELLA
Fla. Bar No. 52335
Email:  matt@boyerslaw.com
**BOYERS LAW GROUP, P.A.**
*Attorneys for Plaintiff*
123 Almeria Avenue
Coral Gables, Florida 33134
Telephone:    (305) 512-7600
Facsimile:    (786) 509-8021